MARY W. SOUTHWICK *and others versus* PRINCE HOPKINS *and others.*

In a suit on a bond in the name of joint obligees, a paper under seal, signed by one of the plaintiffs, denying any authority for the use of his name in the suit, and forbidding its further prosecution, but containing no words showing an intention to discharge the cause of action, will not operate as a release.

Where the party signing the paper had, previous to the commencement of the suit, assigned all his interest to the other obligees, they had a right to use his name in the action, and he could not interfere for any other purpose than to require indemnity against the costs.

ON REPORT of the evidence by RICE, J.

DEBT on a bond. PLEA *non est factum*, with a brief statement, setting forth a paper signed by Mary W. Southwick in bar of the further prosecution of the suit.

The plaintiffs introduced the bond declared on, bearing date June 2, 1852, given by the defendants to the plaintiffs, binding the obligors, in consideration that the obligees had released to them all claim to the accounts, notes and demands of the late co-partnership of Southwick & Hopkins, and had paid the sum of $2500, to said Hopkins, to indemnify the obligees against all demands due from the said firm. The obligees were the widow and daughters of Jacob Southwick, late co-partner in the firm, but now deceased, and Mary W. South-

wick was his administratrix. It was admitted by the defendants that the conditions of the bond had been broken prior to the commencement of the suit.

In defence, the defendants introduced the following instrument, which is the same referred to in their brief statement: —

" Whereas I have this day been informed that an action has been brought in my name, and that of Eliza W. Longfellow, Maria Colburn and Wales R. Stockbridge, against Prince Hopkins, Edward S. Weeks and Eben Hawes, which action is made returnable to the next term of the Supreme Judicial Court, to be holden at Augusta, within and for the county of Kennebec, on the third Tuesday of August next: —

" This is to notify all whom it may concern that I never authorized or gave my consent in any way or manner to the commencement of said action, and I hereby forbid the same from being any further prosecuted in my name.

" Given under my hand and seal, at Vassalborough, the 28th day of July, A. D., 1858.        " M. W. Southwick. [Seal.]

" Attest: Josh. Perkins."

The plaintiffs then introduced an indenture, dated June 2, 1852, between Mary W. Southwick, one of the plaintiffs, of the first part, and Eliza W. Longfellow, Maria S. Colburn and Margaret T. Stockbridge, the other plaintiffs, and their husbands, N. Longfellow, A. Colburn and W. R. Stockbridge, of the second part, by which the said Mary W. Southwick released to the other parties all her right to dower, and all other right and claim in the estate of her deceased husband, Jacob Southwick; in consideration of which, the parties of the second part agree to secure to her, for life, the homestead of the deceased in Vassalborough, and also ten acres of woodland, and to pay her six hundred dollars a year, to secure the payment of which $10,000 was to be deposited with certain named trustees.

It was admitted by the defendants that said Eliza W. Longfellow, Maria S. Colburn and Margaret T. Stockbridge, in addition to the $2500 mentioned in the bond, had paid of the debts of the firm of Southwick & Hopkins, the further sum

of from $1600 to $2000, which was in judgments recovered against the administratrix, and that Mary W. Southwick had paid no part of said debts.

The case was taken from the jury, and reported to the full Court, with the agreement that if, upon so much of the evidence as was legally admissible, the action could be maintained, the defendants were to be defaulted and to be heard in damages; otherwise the plaintiffs to be nonsuit.

*A.'Libbey,* for the plaintiffs.

The admission of the breach of the conditions of the bond shows that the plaintiffs have a right of action.

The paper signed by Mary W. Southwick is no defence. It is not a discharge of the right of action, nor an accord and satisfaction. Mrs. Southwick merely denies that she authorized the suit, and forbids its further prosecution in her name. If available at all to the defendants, it is too late after pleading the general issue.

Mrs. Southwick has no interest in the bond in suit. The bond was given to secure the estate of Jacob Southwick against liability for the debts of the firm of Southwick & Hopkins. On the day of its date, Mrs. Southwick assigned to the other plaintiffs all her interest in the estate. They have paid all of the debts of the firm which the estate has had to pay. Mrs. Southwick has paid none of them. The assets of the estate assigned to them have thus been reduced some $2000, by means of the defendants' not fulfilling their contract. Mrs. Southwick had no authority to discharge the suit. The other plaintiffs are the parties in interest, and have a right to use her name to enforce their rights. *Lunt* v. *Stevens,* 24 Maine, 534.

*R. H. Vose,* for the defendants.

The paper signed by Mrs. Southwick is technically a release. 7 Com. Dig., tit. *Release,* A. (1.) A release may be by express words, or act in law. Co. Lit., 264. No particular words are required. Being under seal, a valid consideration is implied.

Immediately after she knew of the commencement of the action, she gave the defendants a paper, denying having authorized the use of her name, and forbidding the further prosecution of the suit. This she had a legal right to do. A release under seal discharges all the obligors in the bond. *Walker* v. *McCalloch,* 4 Greenl., 421. In *Lunt* v. *Stevens,* 24 Maine, 534, the paper given was similar, but was held insufficient, because *not* under seal.

In England, where a nominal plaintiff, or one of several plaintiffs, releases an action *in fraud* of the party in interest, the courts set aside the release. In Massachusetts, they have never assumed such power. *Eastman* v. *Wright,* 6 Pick., 323; *Wilson* v. *Mason,* 5 Mass., 411. If one party to a contract refuses to join in a prosecution, the others have a remedy against him by a special action on the case.

It is well settled that a release by one of the joint obligors discharges the whole.

The opinion of the Court was drawn up by

MAY, J. — This action is brought in the name of four plaintiffs, the obligees of the bond declared on, a breach of which is admitted. Mary W. Southwick, one of the plaintiffs, had no knowledge of its commencement, and, immediately after, under her hand and seal, forbid its further prosecution in her name. It is now contended that the paper which is pleaded by the defendants operates as a release of the action. The paper must receive a construction according to its manifest intent. It does not appear to have been made to the defendants, although it may be regarded as containing a notice to them that the action was brought without the authority or consent of this particular plaintiff. Its principal object seems to have been to direct the other plaintiffs to surcease the suit. It contains no words showing an intention to discharge the cause of action. In this respect, it is entirely unlike the writing relied upon in *Lunt* v. *Stevens,* 24 Maine, 534, cited in defence. In that case the paper, if it had been under seal, might have operated as a re-

lease of the action, because it purported on its face " to be a discharge of the same." It is true that a release need not contain any express or technical words to that effect. It will be sufficient if the instrument, being under seal, manifests a purpose or object which can be effectuated only by construing it as a release. The paper relied on in this case manifests no such purpose. It is not a release of either the bond or the suit.

On the contrary, when we consider the relation of these plaintiffs to each other, and that the protesting plaintiff had, in effect, transferred to the other plaintiffs her entire interest in the bond, by allowing them to pay all the money now sought to be recovered, we cannot doubt that the purpose of the paper was to protect the party signing it against any liability for the costs which might arise in the suit. Such a construction is in harmony with the equitable rights of the parties. She only forbids the further prosecution of the suit " *in her name,*" and this limitation may indicate an intention on her part not to interfere with the rights of the other plaintiffs to proceed in their names. The three plaintiffs who instituted the suit, having, in consequence of the existing arrangements between them and the other plaintiff, paid all the debts of the firm of Southwick & Hopkins, and the bond having been given to indemnify them against said debts, were alone interested in the fund to be recovered; and, for the purpose of recovering the same, may well be regarded as the assignees of the bond.

The law recognizes assignments of choses in action, and, for the protection of the equitable rights of the assignees, authorizes them to bring an action in the name of the assignor; and the assignor cannot lawfully interfere with the prosecution of the suit, if at all, certainly for no other purpose than to require indemnity against the costs; and the law protects these equitable rights so far that even payments to the assignor, after notice of the assignment, constitutes no defence to such a suit. *Eastman & al.* v. *Wright & al.,* 6 Pick., 316.

We are, therefore, of opinion, in view of all the facts in the case, that this action can be maintained; and, according to the agreement of the parties, the defendants are to be defaulted, and heard in damages before the Judge at *Nisi Prius*.
*Defendants defaulted, and heard in damages.*

TENNEY, C. J., and RICE, CUTTING, GOODENOW, and DAVIS, JJ., concurred.